# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER WITTICK** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **BOROUGH OF NORTH CATASAUQUA,** | : | |
| **MAYOR WILLIAM MOLCHANY, JR.,** | : | |
| **CHIEF KIM MOYER and CHRISTOPHER** | : | |
| **LITZ** | : | **NO. 12-1456** |

## ORDER

**AND NOW**, this 21st day of November, 2012, upon consideration of the Defendants' Motion for Summary Judgment (Document No. 23), the plaintiff's response, and after oral argument, it is **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**[1].

**IT IS FURTHER ORDERED** as follows:

1. **JUDGMENT** is entered in favor of the defendants and against the plaintiff on Count One;

2. Because the court declines to exercise supplemental jurisdiction over the state law claims, Counts Two and Three are **DISMISSED**.

       /s/Timothy J. Savage
       TIMOTHY J. SAVAGE, J.

---

[1] The undisputed facts establish that the defendants are entitled to judgment as a matter of law. The plaintiff has produced no evidence that the defendants conspired against him on the basis of his membership in an identifiable class or that the discrimination against an identifiable class was invidious, essential elements of a claim under 42 U.S.C. § 1985(3). *See Farber v. City of Paterson*, 440 F. 3d 131, 134 (3d Cir. 2006) (citing *Griffin v. Breckenridge*, 403 U.S. 88 (1971)). Indeed, to the contrary, the plaintiff testified that he was "not alleging any class." He further testified that the defendants did not conspire against him based upon his membership in any class. In short, the plaintiff has failed to produce any evidence that he was treated differently from other similarly situated persons because of his membership in a class of people to which he belongs. Therefore, the defendants are entitled to judgment on the sole federal claim asserted by the plaintiff.

    We decline to exercise supplemental jurisdiction over the remaining state claims. Plaintiff is free to pursue those claims in state court. *See* 42 Pa. Cons. Stat. Ann. § 5103(b).